ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Linda Rugina Company ) | ASBCA Nos. 62207, 62334 |
| D/B/A Ruginas Afrikan Village ) | |
| ) | |
| Under Contract No. FA2835-18-P-0103 ) | |

APPEARANCE FOR THE APPELLANT:        Ms. Linda Rugina
                                      Owner

APPEARANCES FOR THE GOVERNMENT:        Jeffrey P. Hildebrant, Esq.
                                        Air Force Deputy Chief Trial Attorney
                                        Capt Seiji Ohashi, USAF
                                        Colby L. Sullins, Esq.
                                        Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant elected to proceed under the Board's Small Claims (Expedited) procedures, Board Rule 12.2. The Contract Disputes Act, 41 U.S.C. § 7106(b)(4)-(5), as implemented by Board Rule 12.2, provides that this decision shall have no precedential value, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside.

In these consolidated appeals, appellant seeks $12,331.40 plus punitive damages for what it seems to say was extra-contractual, "additional work" that it allegedly performed at an Air Force facility pursuant to a carpeting contract (Bd. corr. email dtd. March 16, 2020 at 2; Bd. corr. email dtd. March 19, 2020 at 4; Bd. corr. email dtd. March 31, 2020 at 2; R4, tab 5 at 1, tabs 11-12).

SUMMARY FINDINGS OF FACT

On September 27, 2018, the parties contracted for appellant to replace carpeting on the third floor of a building on Hanscom Air Force Base in Massachusetts, for the fixed amount of $44,484.18 (R4, tab 5 at 1-5, 16). Before presenting any claim for additional compensation to the contracting officer, appellant filed with the Board an October 2, 2019 Notice of Appeal, seeking compensation (R4, tabs 11-12). We docketed that appeal as ASBCA No. 62207.

On November 18 and 20, 2019, appellant presented a claim to the contracting officer for $12,331.40 for what it says was "additional work" (R4, tabs 11-12).  On November 22, 2019, the contracting officer issued a final decision denying the claim (R4, tab 13).  Appellant filed a notice of appeal from that decision, seeking additional compensation, including punitive damages.  We docketed that appeal as ASBCA No. 62334.

The contract provides that "approxiamately [sic] 1000 sq. yd. of carpet tile" would be needed (R4, tab 5 at 16).  The contract also incorporates by reference Federal Acquisition Regulation (FAR) 52.236-2, SITE INVESTIGATION AND CONDITIONS AFFECTING THE WORK (APR 1984) (R4, tab 5 at 9), which provides:

> The Contractor acknowledges that it has taken steps reasonably necessary to ascertain the nature and location of the work, and that it has investigated and satisfied itself as to the general and local conditions which can affect the work or its cost . . . .  Any failure of the Contractor to take the actions described and acknowledged in this paragraph *will not relieve the Contractor from responsibility for estimating properly the difficulty and cost of successfully performing the work, or for proceeding to successfully perform the work without additional expense to the Government*.

48 C.F.R. § 52.236-3 (emphasis added).  Appellant did not attend a September 2018 site visit before it submitted its proposal; had it done so, it presumably would have seen and been able to measure the specific work that it ultimately contracted to perform (*see* R4, tabs 3-4, 14, 19 at 5 (response to interrogatory no. 3)).

## DECISION

With respect to ASBCA No. 62207, our jurisdiction to decide an appeal from a contractor claim depends on the prior submission of the claim to a contracting officer for decision and a final decision on, or deemed denial of, the claim.  *Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394 at 173,662.  Appellant's October 2, 2019 Notice of Appeal pre-dates its November 2020 claim (R4, tabs 1112); consequently, we do not have jurisdiction to entertain ASBCA No. 62207, which is, therefore, dismissed for lack of jurisdiction.

Turning to ASBCA No. 62334, we have no authority to award punitive damages; consequently, we must dismiss the portion of appellant's claim for punitive damages for lack of subject matter jurisdiction. *John Shaw LLC d/b/a Shaw Bldg. Maint.*, ASBCA No. 61379, 18-1 BCA ¶ 37,003 at 180,197.

With respect to its claim for non-punitive additional compensation, appellant says that it "gave [the government] a quote for furnishing and installing the additional carpet" and that the government "did not object or complain" (Bd. corr. email dtd. March 19, 2020 at 4). The contract was for the fixed amount of $44,484.18. Appellant does not demonstrate that any of what it says was "additional" work was extra-contractual. A contractor is charged with knowledge of the conditions that a pre-bid site visit would have revealed. *H.B. Mac, Inc. v. United States*, 153 F.3d 1338, 1346 (Fed. Cir. 1998). Pursuant to the contract's site investigation clause, appellant "acknowledges that has taken steps reasonably necessary to ascertain the nature and location of the work," and that "[a]ny failure . . . to take the actions described and acknowledged in this paragraph will not relieve [it] from responsibility for estimating properly the difficulty and cost of successfully performing the work, or for proceeding to successfully perform the work without additional expense to the Government." (R4, tab 5 at 9) Appellant did not attend a September 2018 site visit before submitting its proposal; had it done so it presumably could have measured the area to be carpeted. And although the contract provides that "approximately 1000 sq. yd. of carpet tile" would be needed, the contract did not *promise* that no more than 1,000 square yards of carpet tile would be needed. Finally, the record includes a diagram of the areas to be carpeted, and there is no indication that what appellant calls "additional work" was not depicted in that diagram. For these reasons, appellant does not demonstrate that it is entitled to any additional compensation for the work that it performed. *Cf. Creative Times Dayschool, Inc.*, ASBCA Nos. 59507, 59779, 16-1 BCA ¶ 36,535 at 177,982 (having failed to demonstrate that it performed any paving work in addition to that depicted in contract sketch, contractor was not entitled to additional compensation for paving); *Orlosky Inc. v. United States*, 68 Fed. Cl. 296, 305-06 (2005) (where attending site inspection would have disclosed to contractor the problems that it encountered, contractor could not recover for extra work or costs associated with those problems). Appellant says that the contracting officer recognized that appellant had performed additional work by offering to pay $5,779.26 for that work (Bd. corr. email dtd. Mar. 31, 2020 at 2), but an offer to settle a claim is not admissible to prove the validity (or amount) of a disputed claim. *See* FED. R. EVID. 408(a)(1).

<u>CONCLUSION</u>

ASBCA No. 62207 is dismissed for lack of jurisdiction. ASBCA No. 62334 is dismissed in part for lack of jurisdiction with regard to punitive damages, and is otherwise denied.

Dated: April 7, 2020

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62207, 62334, Appeals of Linda Rugina D/B/A, Ruginas Afrikan Village, rendered in conformance with the Board's Charter.

Dated: April 8, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4